**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

Case No. 22-1974
_____

**UNITED STATES OF AMERICA,**
**Plaintiff-Appellee,**

**v.**

**ZACHARY GROSSER,**
**Defendant-Appellant.**

**On Appeal from the United States District Court**
**for the Western District of Michigan, Jane M. Beckering**
**Case No. 1:21-cr-209**

<u>**BRIEF OF APPELLANT IN**</u>
<u>**SUPPORT OF APPEAL**</u>

Deno P. Fotieo (P28355)
Attorney for Defendant-Appellant
45 Parkview Drive
Grand Rapids, MI 49503
(616) 340-9694

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

---

**Case No. 22-1974**

---

**UNITED STATES OF AMERICA,**
**Plaintiff-Appellee,**

**v.**

**ZACHARY GROSSER,**
**Defendant-Appellant.**

---

**On Appeal from the United States District Court**
**for the Western District of Michigan, Jane M. Beckering**
**Case No. 1:21-cr-209**

---

**DISCLOSURE OF CORPORATE AFFILIATIONS**

**AND FINANCIAL INTEREST**

Pursuant to 6th Cir. R. 26.1, DENO P. FOTIEO makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation?

   NO

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial

   interest in the outcome?

   NO

Dated: January 2, 2023

<div style="text-align:right">

*/s/ Deno P. Fotieo*
Deno P. Fotieo (P28355)
Attorney for Defendant-Appellant

</div>

# **TABLE OF CONTENTS**

Disclosure of Corporate Affiliations ........................................................................... 2

Table of Contents ........................................................................................................ 3

Table of Authorities ................................................................................................... 4

Statement Regarding Oral Argument ......................................................................... 5

Statement of Jurisdiction ............................................................................................ 6

Statement of Issues .................................................................................................... 8

Statement of the Case ................................................................................................ 9

Summary of the Argument ....................................................................................... 11

Argument .................................................................................................................. 12

Conclusion ................................................................................................................ 20

Certificate of Compliance ........................................................................................ 21

Certificate of Service ............................................................................................... 22

Addendum ................................................................................................................. 23

# <u>TABLE OF AUTHORITIES</u>

**CASES**

United States v. Gomes-Arrenlano 5 F.3d 464 (10th Cir. 1993) .................................. 14

United States v. Shields 654 F.3d 1040 (6th Cir. 2011) ............................................. 18

United States v. Taylor 648 F.3d 417 (6th Cir. 2011) ................................................ 14

**STATUTES & OTHER PROVISIONS**

18 U.S.C. § 922(a)(1)(A) ......................................................................... 6, 9, 12

18 U.S.C. § 922(k) .................................................................................. 6, 9

18 U.S.C. § 3231 ......................................................................................... 7

18 U.S.C. § 3742(a)(2) ................................................................................. 13

26 U.S.C. § 5861(d) .............................................................................. 6, 9, 12

26 U.S.C. § 5861(i) .................................................................................. 6, 9

28 U.S.C. § 1291 ......................................................................................... 7

USSG 2k2.1(b)(6)(B) .................................................... 10, 11, 12, 13, 14, 17, 18, 19

USSG 5k1.1 ........................................................................................ 10, 13

Federal Rule of Appellate Procedure 34 ................................................................ 5

Sixth Circuit Rule 25(f)(2) ............................................................................. 22

Sixth Circuit Rule 26.1 .................................................................................. 2

Sixth Circuit Rule 32(a)(7) ............................................................................ 21

Sixth Circuit Rule 32(g)(1) ............................................................................ 21

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34, Defendant believes the facts and legal arguments are adequately presented in this brief and the record and oral argument is not requested.

**<u>STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION</u>**

This case challenges adverse determination of United States Sentencing Guidelines and the reasonableness of defendant's sentencing.

On December 7, 2021, Indictment (R. 1, Page ID #1 through 7) was filed charging defendant with one count of violation of 18 USC § 922 (a)(1)A, possession of a firearm not registered in the national firearms registration and transfer record in violation of 26 USC § 5861 (d), one count of possession of a firearm under the national firearms act not identified by a serial number in violation of 26 USC § 5861 (i), and one count of possession of a firearm with a removed, obliterated, or altered serial number in violation of 18 USC § 922(k). In addition, the Indictment contained three forfeiture allegations.

On June 15, 2022, defendant entered guilty pleas to Count 1 of the Indictment, engaging in the business of manufacturing and dealing firearms without a license and Count 2 of the Indictment, possession of a firearm not registered in the national firearms registration and transfer record. Pursuant to Plea Agreement (R. 53, Page ID #195 through 206).

Defendant's sentencing guidelines were computed to be 168 to 180 months per defendant's pre-sentence report (Final Pre-Sentence Report, R. 60, Page ID #305) prior to USSG § 5k1.1 departure bringing his guideline range to 135 to 168 months (Sentencing Hearing Transcript, R. 78, Page ID #411, Lines 18 to 25).

Defendant was sentenced to a total of 144 months incarceration on October 14, 2022, by the Honorable Jane M. Beckering, United States District Judge. Defendant's Judgment In A Criminal Case was entered on October 14, 2022, (Judgment, R. 71, Page ID #343 through 349).

On October 26, 2022, a timely Notice of Appeal was filed appealing the final Judgement entered in the United States District Court to the Sixth Circuit Court of Appeals (Notice of Appeal, R. 74, Page ID #357).

Jurisdiction is appropriate in the United States District Court pursuant to 18 USC § 3231.

Jurisdiction is appropriate in the United States Court of Appeals pursuant to 28 USC § 1291.

## STATEMENT OF ISSUES FOR REVIEW

I.      Is there a factual basis for determination defendant used or possessed any firearm

or ammunition in connection with other felony offenses.

II.     Is there substantive reasonableness to support the Courts' sentence.

## <u>STATEMENT OF THE CASE</u>

On December 7, 2021, defendant was indicted on a 4 Count Indictment (Indictment, R. 1, Page ID # 1 through 7) charging the defendant with the following:

1. Engaging in the Business of Manufacturing and Dealing Firearms without a License 18 USC § 922(a)(1)(A).

2. Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record 26 USC § 5861(d).

3. Possession of a Firearm Under the National Firearms Act Not Identified by a Serial Number 26 USC § 5861(i).

4. Possession of a Firearm with a removed, Obliterated, or Altered serial Number 18 USC § 922(k).

On June 15, 2022, defendant plead guilty to:

1. Engaging in the Business of Manufacturing and Dealing Firearms without a License 18 USC § 922(a)(1)(A).

2. Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record 26 USC § 5861(d).

Pursuant to Plea Agreement (R. 53, Page ID # 195 through 206) the remaining two counts of the Indictment were dismissed at Sentencing (Judgment, R. 71, Page ID # 343).

On October 14, 2022, defendant was sentenced to 60 months on Count 1, and 84 months on Count 2 to be served consecutively (Judgment, R. 71, Page ID # 343 through 344).

Defendant objected in sentencing memorandum to the guideline scoring with respect to being scored 4 points pursuant to USSG § 2k2.1(b)(6)(B) (Sentencing Memorandum, R. 61, Page ID # 310) and at Sentencing (Sentencing Hearing Transcript, R. 78, Page ID # 401 through 402). The Court ruled against defendant's guideline objection (Sentencing Transcript, R. 78, Page ID #403 through 408).

Defendant received a three-level reduction in his offense variable scoring for acceptance of responsibility (Sentencing Hearing Transcript, R. 78, Page ID # 408, Line 20 through 25) and a two-level reduction pursuant to the Government's 5k1.1 Motion (Sentencing Hearing Transcript, R. 78, Page ID # 410, Line 14 to Page ID # 411 Line 25).

Defendant's Final Advisory Guidelines were determined to be 135 to 168 months (Sentencing Hearing Transcript, R. 78, Page ID # 411, Line 18 through 25).

The Court sentenced the defendant within the Final Advisory Guideline Range determined by the Court.

Defendant filed a timely appeal on October 26, 2022 (Notice of Appeal, R. 74, Page ID # 357).

## SUMMARY OF THE ARGUMENT

Defendant's Advisory Guideline Range was improperly scored.

There is not a factual basis to determine that defendant should be scored 4 points on his sentencing guidelines pursuant to USSG § 2k2.1(b)(6)(B) for use or possession of any firearm in connection with another felony offense.

Without the improper scoring of the challenged guideline scoring, defendant's guidelines would be 87 to 108 months at Offense Level 28 and Criminal History Category II.

The Defendant's sentence was substantively unreasonable as the Court improperly scored the guidelines, and the Court's sentence of 144 months total would be an upward departure and not supported by the facts of the case and substantively unreasonable.

# **ARGUMENT**

United States Sentencing Guideline 2k2.1(b)(6)(B) provides:

(b) Specific Offense Characteristics

(6) If the defendant—

(B) used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense,

increase by **4** levels.

Defendant plead guilty to Count 1, Engaging in the Business of Manufacturing and dealing firearms Without a License in violation of 18 USC § 922(a)(1)(A) which carries a maximum of 5 years imprisonment, and to Count 2, Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record in violation of 26 USC § 5861(d), which carries a maximum of 10 years imprisonment.

Defendant plead guilty pursuant to plea agreement. In his plea agreement, defendant waived all rights to appeal or collaterally attack his conviction, sentence, or any other matter related to his prosecution with certain exceptions. One of those exceptions was on the grounds that "the District Court incorrectly determined the guideline range if defendant objected at sentencing on that basis;" (Plea Agreement, R. 53, Page ID # 203).

Defendant was scored a total criminal history score of two for two prior misdemeanors which placed him in criminal history category II (2) (Final Pre-Sentence Report, R. 60, Page ID # 291 through 294).

Defendant's final offense level computation was scored at Level 32 after 3-point reduction for acceptance of responsibility and 2-point reduction pursuant to the governments 5k1.1 motion (Final Pre-Sentence Report, R. 60, Page ID # 289 through 291; Sentencing Hearing Transcript, R. 78, Page ID #294, Line 16 through 25).

Defendant was scored four (4) Offense Level points pursuant to USSG § 2k2.1(b)(6)(B) (Sentencing Hearing Transcript, R. 78, Page ID # 404, Line 2 through Page ID # 408, Line 14).

18 USC § 3742(a)(2) provides:

"(a) Appeal by Defendant. – A defendant may file a notice of appeal in the district court of an otherwise final sentence if the sentence – "

"(2) was imposed as a result of an incorrect application of the sentence guidelines;"

Defendant objected to the application of USSG § 2k2.1(b)(6)(B) in his sentencing memorandum (R. 61, Page ID # 310) and at his sentencing hearing (R. 78, Page ID # 401 through 402).

The standard of review for defendant's guideline calculations is clear error as they depend on a number of factual nuances that the District Court is better prepared to evaluate. "In our review of a District Court's calculation of the applicable Guidelines, we generally review the District Court's factual findings for clear error and its legal conclusions de novo… However, we also have said that we accord due deference to the District Court's determination that the USSG § 2k2.1(b)(6) enhancement applies… When the specific issue on appeal is whether the government has established a nexus between the firearm and an independent felony, we have applied the de novo, clear error, and due deference standards of review." United States v. Taylor 648 F.3d 417, 431 (6th Cir. 2011).

The government bears the burden of proving that a defendant qualifies for an enhancement by a preponderance of the evidence. Conclusions in a pre-sentence report unsupported by facts do not constitute a preponderance of evidence. United States v. Gomez-Arrellano, 5 F.3d 464, 467 (10th Cir 1993).

Defendant's plea agreement contained defendant's factual basis of guilt as follows:

"6. <u>Factual Basis of Guilt.</u> Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts, which need not be proven at the time of the plea or sentencing:

From summer 2018 through August 18, 2021, Defendant operated a business

manufacturing and dealing firearms, including "ghost guns," without a license, despite knowing his conduct was illegal. Defendant's base of operations was a workshop in the basement of his home in Kalamazoo County, Michigan. Defendant made and sold at least two dozen firearms, including pistols, shotguns, and rifles. He made and sold at least 10 rifles without serial numbers, and dealt 15-24 firearms to people he believed were legally forbidden to possess them. The defendant also knowingly possessed additional firearms in connection with his illegal business, some of which he manufactured, and all of which enforcement seized from his residence on August 18, 2021. Defendant admitted that he knew he could not legally sell the firearms he built, but that he did so anyway.

Defendant also manufactured and possessed firearms for himself, including a rifle with a barrel measuring less than16 inches in length-namely, a 9mm homemade "ghost gun" rifle, with a barrel of approximately 9 inches in length, purple in color, bearing no serial number. The defendant stored and displayed the rifle by mounting it to the wall of his workshop, and knew the rifle had a shortened barrel and no serial number. The rifle was not registered to the defendant in the National Firearms Registration and Transfer Record and, was in operating condition when Defendant knowingly possessed it." (Plea Agreement, R. 53, Page ID # 199 through 200).

In the plea agreement it is established that defendant's weapons offenses occurred between summer of 2018 and August 18, 2021. Defendant's base of operations was a workshop in the basement of his home and that the weapon with a barrel measuring less than 16 inches was mounted to a wall of his workshop. There

15

is no mention of any drug possession or use in his plea agreement. There is in fact no mention of drugs whatsoever in defendant's plea agreement (Plea Agreement, R. 57, Page ID # 195 through 206).

A factual basis was established at defendant's plea hearing by defendant acknowledging that everything in paragraph 6 of the plea agreement was true and accurate. Defendant elaborated as to the factual basis of his guilty pleas at the plea hearing (Plea Agreement, R. 57, Page ID # 269, Line 5 through Page ID # 271, Line 15). There was no mention of any drug offense in defendant's plea hearing.

Defendant's pre-sentence report does contain mention of drugs. Recovered from a "trash-pull" on January 13, 2021, was marijuana residue and leaves, and suspected methamphetamine residue from a glass pipe. From a "trash-pull" on June 2, 2021, was marijuana stems and seeds, and methamphetamine residue. On August 3, 2021, marijuana cuttings, plant stems, roots and residue were found, and suspected methamphetamine residue. A search warrant at defendant's residence on August 12, 2021, "3 small marijuana plants" were located "in the basement"; and eleven (11) large marijuana plants were located outside. (Pre-Sentence Report, R. 60, Page ID # 284 through 286).

In an interview with investigators on August 12, 2021, defendant acknowledged distributing marijuana form 2008 until approximately October 2020, defendant admitted to distributing approximately 4 pounds of marijuana from October 2019 until October 2020 in ounce increments for $80. Defendant advised he stopped selling marijuana and admitted the marijuana discovered in the residence

16

and on the property belonged to him (Pre-Sentence Report, R. 60, Page ID # 287).

The District Court in its decision to score 4 points pursuant to USSG 2k2.1(b)(6)(B) relied on the narrow version of the fortress theory because a weapon had the potential of facilitating another felony offense. The District Court stated in part:

"… in looking at the evidence and in studying the whole fortress theory in US v. Shields, and on other cases, including the narrow version of the fortress theory, I'm comfortable with this being a narrow fortress version theory application… I find that the narrow fortress version applies because we know, as Mr. Grosser has admitted, he was engaged in drug trafficking…. He admitted that he was distributing marijuana from 2008 until October 2020…. The summer of 2018 to August 18, 2021, is the time period in which Mr. grosser pled guilty to engaging in business of manufacturing and dealing firearms without a license…. So, we have a plus two-year overlap of selling and distributing guns and distributing marijuana." The District Court noted that the defendant sold four pounds of marijuana at $80 an ounce. The court also noted that there was marijuana on the property and in the residence. That being 3 small plants in the residence and 11 plants in the backyard. The District Court also relied upon soil additives for growing plants, marijuana seeds and stems, and other items found in the "trash pulls". The District Court found that the gun had the potential of facilitating another felony offense, that being the drug offense here. The District Court concluded that due to the overlap of the time of the weapons offense and the active sales of marijuana the 4 points scored under USSG 2k2.1(b)(6)(B) was

appropriate (Sentencing Transcript, R. 78, Page ID # 404, Line 2 through Page ID # 408, Line 14).

There is no bright-line rule for what amount of controlled substances would permit application of § 2k2.1(b)(6). A repeat possessor of a small amount of drugs would not feel the need to have a gun to protect that amount of drugs any more than a first time misdemeanor possessor of a small amount. A firearm in that case is not useful. Likewise sparse facts do not support the conclusion that possession of a gun would embolden one to engage in a drug offense. United States v. Shields, 654 F.3d 1040, 1046 (6th Cir. 2011).

In the current case the defendant sold ounce quantities for $80. The only evidence of defendant having possible larger than an ounce quantity was when 3 small plants were found in the basement and 11 plants outside in the yard. These plants were found after defendant had stopped selling marijuana. The plants were not being protected.

Proximity that is merely coincidental is not enough for application of §2k2.1(b)(6) when a defendant merely possessed drugs, United States v. Shields, 664 F.3d 1040, 1045 (6th Cir. 2011). In the present case while there is an overlap of defendant's drug sales and weapons offenses the only evidence of proximity of the weapons to the drugs was after defendant had stopped selling marijuana. The weapons which defendant possessed were for sale not for protection or emboldment.

There is insufficient evidence that defendant's weapons offenses plead to are connected to defendant growing, use or sale of marijuana. Any proximity of weapons

and marijuana is merely coincidental.

The government has not met its burden supporting scoring defendant under 2k2.1(b)(6)(B) by a preponderance of the evidence.

## **CONCLUSION**

The guideline computation is not supported by the facts and should be recalculated.

The guideline enhancement for use of a firearm in connection with another felony offense is not supported by the facts and should be removed.

Sentence should be vacated, and defendant returned to District Court for re-sentencing.

Respectfully submitted,

Date: January 2, 2023

*/s/ Deno P. Fotieo*
Deno P. Fotieo
45 Parkview Drive
Grand Rapids, MI 49503
(616) 340-9694

## CERTIFICATE OF COMPLIANCE

Pursuant to Sixth Circuit Rule 32(a)(7) and Rule 32(g)(1), this brief uses 12-point times new roman font and contains no more than 13,000 words. According to the word count using Microsoft Word, version 16.60, this brief contains 3,277 words.

*/s/ Deno P. Fotieo*
Deno P. Fotieo
45 Parkview Drive
Grand Rapids, MI 49503
(616) 340-9694

## CERTIFICATE OF SERVICE

Pursuant to Sixth Circuit Rule 25(f)(2), this brief was served on the government using the Court's electronic court filing system at the time the brief was filed.

<div style="margin-left: 50%;">

*/s/ Deno P. Fotieo*
Deno P. Fotieo
45 Parkview Drive
Grand Rapids, MI 49503
(616) 340-9694

</div>

## ADDENDUM

| Relevant District Court Record | Page ID Number Range |
|---|---|
| R.1, Indictment | Page ID # 1 - 7 |
| R. 53, Plea Agreement | Page ID # 195 - 206<br>Page ID # 269 - 271 |
| R. 60, Final Pre-Sentence Report | Page ID # 284 – 287<br>Page ID # 289 – 294<br>Page ID # 305 |
| R. 61, Sentencing Memorandum | Page ID # 310 |
| R. 71, Judgement | Page ID # 343 - 349 |
| R. 74, Notice of Appeal | Page ID # 357 |
| R. 78, Sentencing Hearing Transcript | Page ID # 401 - 408<br>Page ID # 410 - 411 |